IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

ERNEST BEVINS,

    Plaintiff,                                                                              Case No.:

v.

CITIGROUP, INC. d/b/a
CITIBANK, N.A.
    Defendant.
_____/

## COMPLAINT AND JURY DEMAND

**COMES NOW** the Plaintiff, Ernest Bevins, by and through the undersigned counsel, files this Complaint and Jury Demand against the Defendant, Citigroup, Inc. d/b/a Citibank, N.A. In support thereof, Plaintiff states:

## PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA") and the Telephone Consumer Protection Act, 47 United States Code, Section 227 *et seq*. (hereinafter, the "TCPA") wherein the Defendant and its representatives attempted to collect a consumer debt from Plaintiff by placing a barrage of calls utilizing an artificial pre-recorded voice to his cellular telephone without Plaintiff's prior express consent.

## JURISDICTION, VENUE & PARTIES

2. This is an action for damages which exceeds $30,000.00, exclusive of attorneys' fees and costs.

3. Jurisdiction and venue for purposes of this action are proper in Pinellas County, Florida, and are conferred by Fla. Stat. § 559.77 and 47 U.S.C. § 227(b)(3).

4. At all times material herein, the conduct of the Defendant, complained of below, occurred in Pinellas County, Florida.

5. At all times material herein, the Defendant engaged in its usual and customary business within Pinellas County, Florida.

6. Plaintiff is a natural person residing in Pinellas County, Florida.

7. At all times relevant hereto, Plaintiff was a "debtor" as defined by Fla. Stat. § 559.55(8).

8. Plaintiff has been the object of collection activity arising from a "consumer debt" as defined by Fla. Stat. § 559.55(6). The subject Debt was incurred primarily for personal, family, or household purposes.

9. At all times herein, the Defendant, Citigroup, Inc. d/b/a Citibank, N.A. ("Citibank") is a foreign profit corporation existing under the laws of the state of Delaware, with its principal place of business located at 338 Greenwich Street, New York, NY 10013; and is engaged in such business of regularly and systematically collecting debts within Pinellas County, Florida.

10. At all times herein, Advance is a "creditor" as defined by Fla. Stat. § 559.55(5). Specifically, Citibank attempted to collect a debt related to a credit card balance.

11. Citibank is a "person" within the meaning of the FCCPA, and in particular as it is used in Fla. Stat. § 559.72. *See Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

12. At all times material herein, Citibank used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C. § 227(a)(1) and 47

C.F.R. 64.1200(f)(1); by calling Plaintiff's cellular telephone repeatedly using an artificial pre-recorded voice.

13. At all material times herein, the Defendant acted themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

14. All necessary conditions precedent to the filing of this action occurred, or Defendant waived the same.

## FACTUAL ALLEGATIONS

15. The Plaintiff incurred the subject debt, (the "Debt"), primarily for personal, household or family use.

16. Sometime in August of 2021, Plaintiff retained William J. Kopp, Esq. to represent him with respect to his debts and to assist him in filing for bankruptcy.

17. On August 26, 2021, Plaintiff filed his bankruptcy petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code in the Middle District of Florida, Tampa Division, Case No. 8:21-bk-04403 (the "Bankruptcy Case").

18. The Debtor properly listed Citibank as a creditor in his Bankruptcy Case.

19. A copy of the Notice of Commencement was sent to Defendant.

20. Both the Voluntary Petition and the Notice of Commencement contained contact information for Plaintiff's legal counsel.

21. Notwithstanding Citibank having received notice of the Plaintiff's Bankruptcy Case and representation by legal counsel; Citibank placed a barrage of calls to the Plaintiff's cellular telephone using an artificial pre-recorded voice without Plaintiff's prior express consent.

22. Plaintiff continued to receive almost daily calls from Citibank to his cellular telephone.

23. On September 8, 2021, Plaintiff's counsel, William Kopp, Esq., emailed a cease-and-desist letter to Citibank again informing Citibank of Plaintiff's Bankruptcy Case and requesting that calls cease and desist.

24. Notwithstanding Citibank's knowledge of Plaintiff's Bankruptcy Case, legal representation, and withdraw of consent to be contacted on his cellular telephone.

25. On September 10, 2021, at approximately 10:18 am EST, the Defendant called Plaintiff directly on his cellular telephone using an artificial pre-recorded voice in an attempt to collect the Debt and demanding payment. The Defendant left a voicemail on the Plaintiff's cellular telephone using an artificial pre-recorded voice.

26. On September 11, 2021, at approximately 8:16 am EST, the Defendant called Plaintiff directly on his cellular telephone using an artificial pre-recorded voice in an attempt to collect the Debt and demanding payment. The Defendant left a voicemail on the Plaintiff's cellular telephone using an artificial pre-recorded voice.

27. On September 12, 2021, at approximately 10:05 am EST, the Defendant called Plaintiff directly on his cellular telephone using an artificial pre-recorded voice in an attempt to collect the Debt and demanding payment. The Defendant left a voicemail on the Plaintiff's cellular telephone using an artificial pre-recorded voice.

28. On September 13, 2021, at approximately 10:20 am EST, the Defendant called Plaintiff directly on his cellular telephone using an artificial pre-recorded voice in an attempt to collect the Debt and demanding payment. The Defendant left a voicemail on the Plaintiff's cellular telephone using an artificial pre-recorded voice.

29. On September 14, 2021, at approximately 8:26 am EST, the Defendant called Plaintiff directly on his cellular telephone using an artificial pre-recorded voice in an attempt to collect the Debt and demanding payment. The Defendant left a voicemail on the Plaintiff's cellular telephone using an artificial pre-recorded voice.

30. On September 14, 2021, at approximately 1:04 pm EST, the Defendant sent a text to Plaintiff's cellular telephone using (i) indicating that the account was restricted, and (ii) inviting Plaintiff to go online to manage his account.

31. On September 17, 2021, at approximately 8:34 am EST, the Defendant called Plaintiff directly on his cellular telephone using an artificial pre-recorded voice in an attempt to collect the Debt and demanding payment. The Defendant left a voicemail on the Plaintiff's cellular telephone using an artificial pre-recorded voice.

32. On September 21, 2021, at approximately 11:35 am EST, the Defendant called Plaintiff directly on his cellular telephone using an artificial pre-recorded voice in an attempt to collect the Debt and demanding payment. The Defendant left a voicemail on the Plaintiff's cellular telephone using an artificial pre-recorded voice.

33. On September 22, 2021, at approximately 11:14 am EST, the Defendant called Plaintiff directly on his cellular telephone using an artificial pre-recorded voice in an attempt to collect the Debt and demanding payment. The Defendant left a voicemail on the Plaintiff's cellular telephone using an artificial pre-recorded voice.

34. On September 24, 2021, the Defendant emailed Plaintiff directly in an attempt to collect on the debt by indicating a balance owed of $948.78, a minimum balance due of $87.00, and payment due date of September 25, 2021.

35. On September 24, 2021, at approximately 11:30 am EST, the Defendant called Plaintiff directly on his cellular telephone using an artificial pre-recorded voice in an attempt to collect the Debt and demanding payment. The Defendant left a voicemail on the Plaintiff's cellular telephone using an artificial pre-recorded voice.

36. On September 25, 2021, the Defendant communicated with Plaintiff directly in an attempt to collect on the debt by indicating that $87.00 was due by 9/25/21 and inviting Plaintiff to chat with a representative.

37. On September 25, 2021, at approximately 11:35 am EST, the Defendant called Plaintiff directly on his cellular telephone using an artificial pre-recorded voice in an attempt to collect the Debt and demanding payment. The Defendant left a voicemail on the Plaintiff's cellular telephone using an artificial pre-recorded voice.

38. On September 26, 2021, at approximately 11:30 am EST, the Defendant called Plaintiff directly on his cellular telephone using an artificial pre-recorded voice in an attempt to collect the Debt and demanding payment. The Defendant left a voicemail on the Plaintiff's cellular telephone using an artificial pre-recorded voice.

39. On September 27, 2021, at approximately 8:27 am EST, the Defendant called Plaintiff directly on his cellular telephone using an artificial pre-recorded voice in an attempt to collect the Debt and demanding payment. The Defendant left a voicemail on the Plaintiff's cellular telephone using an artificial pre-recorded voice.

40. On September 28, 2021, at approximately 8:20 am EST, the Defendant called Plaintiff directly on his cellular telephone using an artificial pre-recorded voice in an attempt to collect the Debt and demanding payment. The Defendant left a voicemail on the Plaintiff's cellular telephone using an artificial pre-recorded voice.

41.     On September 29, 2021, at approximately 8:09 am EST, the Defendant called Plaintiff directly on his cellular telephone using an artificial pre-recorded voice in an attempt to collect the Debt and demanding payment. The Defendant left a voicemail on the Plaintiff's cellular telephone using an artificial pre-recorded voice.

42.     On September 30, 2021, at approximately 10:27 am EST, the Defendant called Plaintiff directly on his cellular telephone using an artificial pre-recorded voice in an attempt to collect the Debt and demanding payment. The Defendant left a voicemail on the Plaintiff's cellular telephone using an artificial pre-recorded voice.

43.     On or about October 1, 2021, the Defendant communicated with Plaintiff directly by email in an attempt to collect on the debt by indicating there was a total balance owed of $1,008.66, a minimum payment due of $165.66, and a due date of October 25, 2021.

44.     On October 1, 2021, at approximately 8:25 am EST, the Defendant called Plaintiff directly on his cellular telephone using an artificial pre-recorded voice in an attempt to collect the Debt and demanding payment. The Defendant left a voicemail on the Plaintiff's cellular telephone using an artificial pre-recorded voice.

45.     On October 3, 2021, at approximately 9:36 am EST, the Defendant called Plaintiff directly on his cellular telephone using an artificial pre-recorded voice in an attempt to collect the Debt and demanding payment. The Defendant left a voicemail on the Plaintiff's cellular telephone using an artificial pre-recorded voice.

46.     On October 4, 2021, at approximately 8:23 am EST, the Defendant called Plaintiff directly on his cellular telephone using an artificial pre-recorded voice in an

attempt to collect the Debt and demanding payment. The Defendant left a voicemail on the Plaintiff's cellular telephone using an artificial pre-recorded voice.

47. On October 7, 2021, at approximately 8:20 am EST, the Defendant called Plaintiff directly on his cellular telephone using an artificial pre-recorded voice in an attempt to collect the Debt and demanding payment. The Defendant left a voicemail on the Plaintiff's cellular telephone using an artificial pre-recorded voice.

48. On October 8, 2021, at approximately 10:16 am EST, the Defendant called Plaintiff directly on his cellular telephone using an artificial pre-recorded voice in an attempt to collect the Debt and demanding payment. The Defendant left a voicemail on the Plaintiff's cellular telephone using an artificial pre-recorded voice.

49. On October 10, 2021, at approximately 9:21 am EST, the Defendant called Plaintiff directly on his cellular telephone using an artificial pre-recorded voice in an attempt to collect the Debt and demanding payment. The Defendant left a voicemail on the Plaintiff's cellular telephone using an artificial pre-recorded voice.

50. On or about October 25, 2021, the Defendant communicated with Plaintiff directly by email in an attempt to collect on the debt by indicating that his account was "still past due."

51. On or about October 25, 2021, the Defendant communicated with Plaintiff directly by text in an attempt to collect on the debt by sending a text that said "Citi Payment Reminder."

52. Defendant called Plaintiff directly on his cellular telephone thirteen more times using an artificial pre-recorded voice in an attempt to collect the Debt and demanding

payment. The Defendant left voicemails on the Plaintiff's cellular telephone using an artificial pre-recorded voice.

53. This is merely a sampling of the calls the Plaintiff received, as he has not been able to record the specifics of each and every call the Defendant has made on account of his work and personal commitments, and on account of the continued and increasing stress associated with the barrage of harassing debt collection calls.

54. Plaintiff has retained the law firm of Kopp Law and Rebbecca Goodall Law, P.A. for the purpose of pursuing the matter against the Defendant and is obligated to pay a reasonable fee for their services.

55. As a result of the Defendant's actions, the Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite multiple requests that communications cease, that Plaintiff must endure the barrage of the Defendant's continued unlawful debt collection attempts.

56. The FCCPA, Section 559.77, provides for the award of up to $1,000 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against the Defendant.

57. United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call made using any automatic telephone dialing system, a predictive telephone dialing system, or an artificial or pre-recorded voice to Plaintiff's Cellular Telephone in violation of the TCPA of the regulations proscribed thereunder.

58. Additionally, the TCPA Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call made using any

automatic telephone dialing system, predictive telephone dialing system, or artificial or prerecorded voice to Plaintiff's Cellular Telephone in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

59. At all material times herein, it would have been possible for Defendant to avoid violating the terms of the FCCPA and the TCPA.

60. Upon information and belief, based upon the aforementioned allegations, Defendants' telephone calls made to Plaintiff's Cellular Telephone using an artificial or pre-recorded voice were made in willful and knowing violation of the TCPA.

## COUNT ONE:
## UNLAWFUL DEBT COLLECTION PRACTICE
## VIOLATION OF FLORIDA STATUTES, SECTION 559.72(18)

Plaintiff re-alleges paragraphs one (1) through sixty (60) as if fully restated herein and further states as follows:

61. Defendant is subject to and has violated the provisions of Fla. Stat. § 559.72(18), by intentionally and repeatedly communicating with Plaintiff after being given actual notice that Plaintiff was represented by legal counsel with respect to the Debt.

62. Plaintiff has been represented by legal counsel with respect to the Debt since at least August 26, 2021.

63. Defendant was advised of William Kopp, Esq.'s legal representation with the respect to the Debt via the Bankruptcy Petition and Notice of Commencement.

64. Defendant was further advised of Plaintiff's legal representation with respect to the Debt in writing via the cease-and-desist letter dated September 8, 2021.

65. Despite having actual knowledge of Plaintiff's representation by legal counsel with respect to the Debt, Defendant willfully, repeatedly, and continuously

communicated with no less than forty two (42) times via email, text, and calls to Plaintiff's cellular telephone in an attempt to collect upon the Debt as outlined above since September 8, 2021.

66. As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by Fla. Stat. § 559.77.

## COUNT TWO:
## UNLAWFUL DEBT COLLECTION PRACTICE—
## VIOLATION OF FLORIDA STATUTES, SECTION 559.72(7)

Plaintiff re-alleges paragraphs one (1) through sixty (60) as if fully restated herein and further states as follows:

67. The Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.55(7) by collecting consumer debts from Plaintiff through means which can reasonably be expected to abuse or harass Plaintiff.

68. Specifically, Defendant had actual knowledge that Plaintiff had retained legal counsel, filed for bankruptcy, and his specific request that calls cease and desist, however Defendant continued to contact Plaintiff directly using emails, texts and phone calls to his Cellular Telephone no less than forty two (42) times since September 8, 2021.

69. Plaintiff's circumstances make him more susceptible to the Defendant's conduct.

70. The Defendant made each of the aforementioned communications and phone calls in an attempt to abuse and harass the Plaintiff into believing that despite his multiple requests that the Defendant stop contacting him with respect to the Debt, that Defendant could and would continue its repeated debt collection attempts until Plaintiff paid the Debt.

71. The Defendant's conduct served no purpose other than to annoy and harass the Plaintiff and to exhaust his will into paying the Debt.

72. Defendant's willful and flagrant violation of, *inter alia*, the Florida Consumer Collection Practices Act as a means to collect the Debt constitutes unlawful conduct and harassment as is contemplated under Florida Statutes, Section 559.72(7).

73. As a direct and proximate result of each Defendant's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

## COUNT THREE:
## TELEPHONE CONSUMER PROTECTIVE ACTION – VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)

Plaintiff re-alleges paragraphs one (1) through sixty (60) as if fully restated herein and further states as follows:

74. The Defendant is subject to, and has violated the provisions of, 47 United States Code, Section 227(b)(1)(A) by using an artificial or pre-recorded voice to make calls to a telephone number assigned to a cellular telephone service without the Plaintiff's prior express consent.

75. At no time relevant hereto did the Defendant have the Plaintiff's prior express consent to make Debt collection calls to his Cellular Telephone.

76. To the extent Defendant contends it had such consent, such consent was revoked as a matter of law when Defendant received notice of Plaintiff's legal representation via the Bankruptcy Petition and Notice of Commencement.

77. Such consent was further revoked upon receipt of Plaintiff's request to cease and desist.

78. Additionally, if the Defendant contends these phone calls were made for

"information purposes only," they still lacked the required express consent necessary to make such informational calls to Plaintiff's Cellular Telephone using an artificial prerecorded voice.

79. Despite lacking Plaintiff's prior express consent, the Defendant made multiple Debt collection phone calls to Plaintiff's Cellular Telephone using an artificial prerecorded voice.

80. Specifically, Plaintiff would answer calls or receive voicemails from the Defendant which contained artificial prerecorded messages indicating that the Defendant was trying to contact Plaintiff.

81. The telephone calls made by the Defendant, complained of herein, are the result of a repeated willful and knowing violation of the TCPA.

82. As a direct and proximate result of the Defendant's conduct, Plaintiff has suffered:

    a.    The periodic loss of his cellular phone service;

    b.    Stress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing Debt collection calls placed in violation of the TCPA to collect the waived Debt;

    c.    Statutory damages; and

    d.    The expenditure of costs and attorney's fees associated with the prosecution of this matter.

**COUNT FOUR:**
**TELEPHONE CONSUMER PROTECTIVE ACTION –**
**<u>VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)</u>**

Plaintiff re-alleges paragraphs one (1) through sixty (60) as if fully restated herein and further states as follows:

83. The conduct of the Defendant complained of herein, is the result of a repeated willful and knowing violation of the TCPA.

84. More specifically, as prior express consent never existed or was revoked prior to the Defendant's placement of calls to Plaintiff's Cellular Telephone, and the Defendant is fully aware of the TCPA and its restrictions, the Defendant's calls constitute numerous and multiple knowing and/or willful violations of the TCPA.

85. The Defendant also knows that it did not, and has not, reached out to the Plaintiff to independently obtain the Plaintiff's prior express consent—oral, written or otherwise—to call Plaintiff's Cellular Telephone using an automatic telephone dialing system and artificial prerecorded voice.

86. The Defendant was also undisputedly aware of Plaintiff's Bankruptcy Case and the Stay protections in the Bankruptcy pertaining to the Debt, yet knowingly and consciously made the Debt collection calls to Plaintiff's Cellular Telephone anyway.

87. The Defendant is also fully aware of the TCPA and its restrictions and, as such, their calls constitute numerous and multiple knowing and/or willful violations of the TCPA.

88. As a result of the Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble statutory damages, up to $1,500.00, for each and every violation, as alleged above, pursuant to 47 United States Code, Section 227(b)(3)(B) and 47 United States Code, Section 227 (b)(3)(C).

89. Plaintiff is also entitled to and seeks injunctive relief enjoining the

Defendant from further violations of the TCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully requests an entry of:

    a.    Judgment against Citigroup, Inc. d/b/a Citibank, N.A., declaring that the Defendant violated the FCCPA and the TCPA;

    b.    Judgment against the Defendant for maximum statutory damages for the violations of the FCCPA;

    c.    Judgment against the Defendant enjoining them from engaging in further conduct in violation of the FCCPA;

    d.    Judgment against the Defendant for statutory damages in the amount of $500.00 for each of Defendant's telephone calls that violated the TCPA;

    e.    Judgment against the Defendant for treble damages in the amount of up to $1,500.00 for each of Defendant's telephone calls that violated the TCPA for which Defendants acted knowingly and/or willfully;

    f.    Actual damages in an amount to be determined at trial;

    g.    Compensatory damages in an amount to be determined at trial;

    h.    Punitive damages under the FCCPA in an amount to be determined at trial;

    i.    An award of attorneys' fees and costs; and

    j.    Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

REBBECCA GOODALL LAW, PA

/s/ Rebbecca A. Goodall
Rebbecca A. Goodall, Esq.
Florida Bar No.:  0115344
rgoodall.law@gmail.com
P.O. Box 1304
Elfers, FL 34680
(813) 438-3695

And

KOPP LAW, P.A.

/s/ Rebbecca A. Goodall
William J. Kopp, Esq.
Florida Bar No.: 83605
Kopplawpa@gmail.com
360 Central Avenue, Suite 1570
St. Petersburg, FL 33701
(813) 438-3695; (727) 999-2016 (fax)
Attorneys for Plaintiff,
Ernest Bevins